IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KERRY LEE SWITZER, Jr., <br><br> Petitioner <br><br> v. <br><br> MARK BISHOP, et al, <br><br> Respondents | Case No. 1:21-cv-182 <br><br> UNITED STATES MAGISTRATE JUDGE RICHARD A. LANZILLO <br><br> MEMORANDUM OPINION ON PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 1] |

I.    Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Kerry Lee Switzer, Jr. ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, Switzer's petition will be denied and no certificate of appealability will issue.

II.    Factual background[1]

Petitioner is a state pretrial detainee, currently incarcerated in the Venango County Prison while awaiting trial on multiple criminal charges in the Court of Common Pleas of Venango County. Petitioner has been charged with driving under the influence in CP-61-CR-00184-2020 and CP-61-CR-00209-2020 and with making terroristic threats in CP-61-CR-00248-2020.

---

[1] The following factual narrative is derived from the Petition [ECF No. 1], Respondents' Answer [ECF No. 10], and the public dockets for Switzer's underlying criminal cases currently pending in the Court of Common Pleas of Venango County.

Following a lengthy suspension of all jury trials in the Pennsylvania courts due to the Covid-19 pandemic, Petitioner's cases have been placed on the standby trial list as of June 29, 2021.

Throughout the most recent portions of his criminal proceedings, Petitioner has been represented by Matthew C. Parson, a privately retained attorney.  Prior to that, Petitioner was represented by Jeri Bolton from the Public Defender's Office.  According to Petitioner, he had no counsel at all for some period of time between the removal of Bolton and his retention of Parsons.

On July 29, 2021, Parson filed a motion with the Court of Common Pleas of Venango County (the "trial court") asserting that Petitioner was incompetent to stand trial.  Parson subsequently filed a motion to continue jury selection until resolution of the competency motion. In addition, Petitioner filed a pro se Petition for Habeas Corpus in the trial court in August 2021 in which he asserted ineffective assistance of counsel.

On August 23, 2021, the trial court conducted a hearing on Petitioner's pro se habeas corpus petition and counseled competency motion.  The court deferred ruling until September 2, 2021, instructing Parson to remain as standby counsel in the interim.  Parson withdrew the claim of incompetency on August 31, 2021.  Thereafter, on September 2, 2021, the trial court issued an order reinstating Parson as counsel, finding Petitioner competent, and deferring a hearing on the habeas corpus petition until a later date.

On September 14, 2021, Parson filed an Omnibus Pretrial Motion on behalf of Petitioner. A review of the docket sheet indicates that no hearing has been scheduled on that motion as of the date of this opinion.

Amid these state court proceedings, Petitioner filed the instant federal habeas petition under 28 U.S.C. § 2241 on July 19, 2021.  ECF No. 1.  He raises four claims:

> 1. The trial court deprived him of his Sixth Amendment right to counsel from July 9, 2020 through March 24, 2021;

2

2.  The trial court is depriving him of his Sixth Amendment right to a speedy trial;

3.  There is a lack of evidence to support his detention; and

4.  The prosecution failed to preserve critical evidence.

ECF No. 1 at 6-7. Respondents filed an answer to the petition on October 6, 2021 in which they maintain that the Court must dismiss the petition because Petitioner did not exhaust his state-court remedies with respect to any of his claims. Petitioner did not file a reply. *See* LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response."). As such, this matter is ripe for adjudication.

III.  Analysis

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). As such, a prisoner may ordinarily seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court," only after he has been convicted, sentenced, and has exhausted his remedies in the state courts. 28 U.S.C. § 2254(a) (emphasis added); *see also, e.g., Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief *before* a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. In pertinent part, § 2241 provides that the writ of habeas corpus is available to a petitioner who is "*in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2241(c)(3) (emphasis added). This language provides a state criminal defendant with a mechanism to challenge the legality of

3

his pre-trial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, *see, e.g., United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g., Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981). In all circumstances, the court's "jurisdiction must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Importantly, state pre-trial detainees seeking federal habeas relief must first exhaust their state-court remedies. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional la . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). To that end, the United States Supreme Court has held that a petitioner must "invoke *one complete round of the State's established appellate review process*" to satisfy the

exhaustion requirement. *O'Sullivan*, 526 U.S. at 845 (emphasis added). It is the petitioner's burden to demonstrate that he has done so. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coady*, 251 F.3d at 488.

In the instant case, Respondent correctly notes that Switzer has not met this burden with respect to any of his claims. Courts have routinely held that pre-trial detainees "should pursue the remedies available in the state court action" through pre-trial motions and, if unsuccessful, through the state appellate process. A review of the documents submitted by Respondent, as well as the current state court docket, indicates that Switzer has filed pre-trial motions with respect to several of his claims but has not yet received a decision. Moreover, to the extent that he may have received an adverse decision that is not identifiable on the docket, there is no record to suggest that he has appealed that denial to the Superior Court. As such, Switzer's claims have not been exhausted. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 184 n. 10 (1979) ("the writ of habeas corpus should not do service for an appeal"); *Reese v. Warden Phila. FDC*, 904 F.3d 244 (3d Cir. 2018) (emphasizing that "[c]ourts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial.").

Where state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner

demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448. *See also* Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated July 2020).

In the instant case, Switzer is currently engaged in an ongoing state judicial proceeding as an active participant in his own defense in a state criminal prosecution. Such proceedings implicate the state's important interest in enforcing its own criminal laws. As discussed above, Switzer can raise his constitutional claims in the context of his state criminal proceedings through pretrial motions and, if necessary, resort to the state appellate process. Granting Switzer's request for relief would plainly interfere with those proceedings. Thus, out of deference to the state judicial process, the Court must decline Switzer's invitation to invalidate the criminal proceedings against him and abstain from entertaining his petition. *See*, *e.g.*, *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992) ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.").[2]

IV.    Conclusion

For the foregoing reasons, Switzer's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. And, because jurists of reason would not find this disposition to be debatable, a

---

[2] Even if this were not the case, the only one of Switzer's four claims which appears to be cognizable in a pre-trial § 2241 petition is his claim that he has not received a speedy trial. *Braden*, 410 U.S. at 492-93. As noted by Respondent, that delay appears to have been caused by the ongoing Covid-19 pandemic and the adjudication of pre-trial motions filed by Petitioner or his counsel.

certificate of appealability is likewise denied.[3]  Said denial is without prejudice to Switzer's right to timely file another habeas petition (under either 28 U.S.C. § 2254 or § 2241, as the circumstances warrant) if he properly exhausts his available state-court remedies and satisfies any other applicable procedural prerequisites.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated:  November 17, 2021

---

[3] *See, e.g., Reese v. Pennsylvania*, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (collecting cases for the proposition that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees); *Moore v. Westmoreland County District Attorney's Office*, 2020 WL 6322817, at *1 n. 1 (W.D. Pa. Oct. 28, 2020) (same).

7